| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

CORDERRAL JOHN SMITH, §
　　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:17-CV-373
　　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Corderral John Smith, an inmate confined at the Polusnky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying the petition for writ of habeas corpus as moot and as unexhausted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections are without merit. As outlined in the Report and Recommendation, the Texas Court of Criminal Appeals granted

petitioner's request for an out-of-time PDR. *Ex parte Smith*, WR-82,815-01 (docket entry no. 26-7). The remaining claims were dismissed and were not considered on the merits. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("a 'denial' signifies that [the TCCA] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the TCCA] declined to consider for reasons unrelated to the claim's merits"). Petitioner was given the opportunity to raise these additional claims in an out-of-time PDR or in a subsequent state writ but failed to take up that opportunity. Thus, the remaining claims are unexhausted and this failure precludes habeas review. *See Bible v. Quarterman*, 2008 WL 4348914, at *2-3 (N.D. Tex. Sept. 22, 2008) (state habeas claims dismissed pursuant to *Torres* were not properly exhausted for purposes of federal habeas review); *Neyra v. Cockrell*, 2003 WL 162174, at *1 (N.D. Tex. Jan. 15, 2003) (same).

Petitioner asserts circumstances exist that render the state corrective process ineffective to protect his rights and implores this Court to excuse exhaustion. 28 U.S.C. § 2254(b) & (c). Petitioner states requiring him to file a subsequent state writ to exhaust his remaining claims would require him to go through the same state habeas trial judge. This argument is less than clear. The state habeas trial court on petitioner's initial state habeas review found in petitioner's favor and determined that counsel was ineffective and petitioner was entitled to file an out-of-time PDR.[1]

---

[1] Petitioner complains the state trial court made two different findings. Although less than clear, it does appear the state trial court sitting as the habeas court initially recommended denying relief. However, the state trial court later supplemented its Findings of Fact and Conclusions of Law and recommended granting relief, finding appellate counsel ineffective. The Order was supplemented again to add the additional finding that appellate counsel was deceased. Petitioner also appears to complain that the state trial court failed to hold an evidentiary hearing. The lack of an evidentiary hearing, however, has no weight in determining the effectiveness of the state habeas proceeding. A "paper hearing" is sufficient to afford a full and fair hearing on factual issues especially where the trial court and state habeas court were the same. *See Hill v. Johnson*, 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). The record was fully developed as to petitioner's claim requesting an out-of-time PDR. Granting that relief allowed petitioner the opportunity to fully exhaust his remaining claims, an opportunity petitioner failed to take.

Based on that recommendation, the Texas Court of Criminal Appeals granted the out-of-time PDR and gave petitioner another thirty (30) days to file the PDR in order to exhaust the remaining claims. Regardless, the state court proceedings are, and remain, available to petitioner. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995) ("A habeas petitioner has not exhausted his state remedies if he has the right to raise the questions by any available procedure under state law."). There is simply no "absence of an available state corrective process" nor do circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b).

In his Objections, for the first time, petitioner also appears to assert actual innocence. To the extent petitioner asserts actual innocence in order to overcome exhaustion, as previously stated, there is no state procedural bar. *McQuiggin v. Perkins*, 569 U.S. 383, 391-92 (2013) (Supreme Court recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim). State proceedings are, and remain, available to petitioner.

### ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard

for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 22nd day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE